```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
JO ANN GALATI and THOMAS GALATI,

                    Plaintiffs,

        -against-                           MEMORANDUM AND ORDER
                                            10-CV-3899 (JS)(ARL)
PHARMACIA & UPJOHN CO., WYETH, INC.,
WYETH PHARMACEUTICALS, and PFIZER,
INC.,

                    Defendants.
-------------------------------------X
APPEARANCES:
For Plaintiffs:     Brian S. Campf, Esq.
                    Williams Dailey O'Leary Craine & Love, P.C.
                    1001 SW Fifth Avenue, Suite 1900
                    Portland, OR 97204

                    Charles S Zimmerman, Esq.
                    Ronald S Goldser, Esq.
                    Stacy K Hauer, Esq.
                    Zimmerman Reed, PLLP
                    651 Nicollet Mall, Suite 501
                    Minneapolis, MN 55402-4123

                    James J. Pizzirusso, Esq.
                    Andrew N Friedman, Esq.
                    Cohen Milstein Hausfeld & Toll, P.L.L.C.
                    1100 New York Ave., N.W.
                    West Tower, Suite 500
                    Washington, DC 20005-3964

                    Michael L. Williams, Esq.
                    Williams, et al.
                    9755 SW Barnes Road, Suite 450
                    Portland, OR 97225-6681

                    Leslie W O'Leary, Esq.
                    Williams Love O'Leary & Powers, PC
                    9755 SW Barnes Road Ste 450
                    Portland, OR 97225-6681

                    Richard S Lewis, Esq.
                    Hausfeld LLP
```

1700 K St NW Ste 650
Washington, DC 20006

For Defendants:    Eric M. Falkenberry, Esq.
                   DLA Piper US LLP
                   1251 Avenue Of The Americas, 27th Floor
                   New York, NY 10020

SEYBERT, District Judge:

Pending before the Court is Defendants' motion to stay the proceeding (Docket Entry 40) and Plaintiffs' unopposed motion to amend their Complaint (Docket Entry 41). For the reasons that follow, Defendants' motion to stay is DENIED and Plaintiffs' motion to amend is GRANTED.

## BACKGROUND

On June 15, 2004 Jo Ann Galati and her husband Thomas Galati ("Plaintiffs") commenced this action against the Pharmacia & Upjohn Company, Wyeth, Wyeth Pharmaceuticals, and Pfizer ("Defendants.") Compl. ¶ 50. Plaintiffs allege that Mrs. Galati's breast cancer was caused by Premarin and Provera, prescription hormone replacement therapy drugs manufactured and marketed by Defendants. Compl. ¶ 1. Plaintiffs' claims include fraudulent concealment, negligence, failure to warn, design defect, breach of implied warranty, and loss of consortium. Compl. ¶¶ 21-48.

Plaintiffs' case was consolidated with hundreds of similar cases into a multi-district litigation proceeding before

the district court in the Eastern District of Arkansas. In re Prempro Prods. Liab. Litig., 254 F. Supp. 2d 1366 (J.P.M.L. 2003). It was later remanded to the district court in Minnesota, then transferred to this Court.

DISCUSSION

The Court first addresses Defendants' motion to stay and then discusses Plaintiffs' motion to amend.

I. Motion to Stay

Defendants anticipate that the MDL court will rule on the admissibility of expert testimony concerning causation in cases brought by plaintiffs whose cancer tested Estrogen Receptor-Negative ("ER-negative"). (Defs.' Mot. for Stay.) Since Mrs. Galati's Cancer tested ER-negative, this Court also will have to determine the admissibility of expert testimony regarding causation in patients with ER-negative cancer. Defendants seek a stay pending the MDL court's ruling because the MDL court has acquired expertise in this field and its decision will therefore aid this Court in determining the admissibility of such expert testimony. Id.

Plaintiffs maintain that this case ought to proceed as scheduled for three reasons. First, they assert that the MDL court will not render a binding or overly persuasive ruling, as

3

the admissibility of expert witnesses is a fact-specific inquiry determinable only on a case-by-case basis. (Pls.' Opp. to Stay ¶ 15.) Second, Plaintiffs argue that a stay is unwarranted in light of the extreme hardship that they will face as a result of the delay. Id. ¶ 1. Third, they allege that the MDL court's ruling, and any clarification the ruling may provide, will be available before this case goes to trial. Id.

A. Legal Standard

Incidental to the Court's power to control its docket is its broad power to stay proceedings in order to promote judicial economy and fairness to the litigants. Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). A stay may be granted if the "court finds it efficient for its own docket and the fairest course for parties." Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, where there is "even a fair possibility that the stay will work damage to someone else," the stay is inappropriate absent the proponent's "mak[ing] out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. Accordingly, where the proponent's hardship in being required to proceed is outweighed by the interest in judicial efficiency and the hardship on the nonmoving

4

party as a result of the delay, a stay should not be granted. Id.

　　B. A Stay Is Not Warranted

　　At the outset, the Court notes that Defendants have moved to stay proceedings in other ER-negative cases remanded from the MDL court, and nine district courts have denied the motion. Order on Motion to Stay, Hansen v. Wyeth, No. 04-0156 (M.D. Fla. Mar. 21, 2011), ECF No. 77; Order on Motion to Stay, Waites v. Wyeth, No. 04-1080 (M.D. Ala. Mar 22, 2011), ECF No. 59; Order on Motion to Stay, Sauls v. Wyeth, No. 04-2297 (D.S.C. Mar. 22, 2011), ECF No. 42; Order on Motion to Stay, Baird v. Wyeth, No. 10-2187 (C.D. Ill. Mar. 23, 2011) ECF No. 35; Order on Motion to Stay, Lowen v. Wyeth, No. 03-2166 (N.D. Ala. Mar. 15, 2011) ECF No. 39; Order on Motion to Stay, Kaufman v. Wyeth, No. 02-2692 (S.D. Fla. Mar. 7, 2011) ECF No. 94; Order on Motion to Stay, Zahn v. Wyeth, No. G-10-51 (S.D. Tex. Mar. 16, 2011) ECF No. 40; Order on Motion to Stay, Wisneski v. Wyeth, No. 04-1193 (D. Md. Apr. 1, 2011) ECF No. 44; Order on Motion to Stay, Pasqualle v. Wyeth, No. 04-0304 (D. Md. Mar. 31, 2011) ECF No. 41. These courts reasoned that judicial efficiency compels the already seven-year-old case to proceed as scheduled. For the reasons discussed below, this Court agrees.

Plaintiffs will be prejudiced by a stay. Mrs. Galati is 67 years old, and she and her husband have already waited nearly seven years for their day in court. Shelving proceedings until the MDL court rules on a similar issue extends this waiting period even longer. Furthermore, a delay may harm Plaintiffs because Defendants, who face hundreds of similar suits, may not be able to pay damages when this case finally resolves. See Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (finding a stay imprudent where "there are so many claimants to the potentially limited funds for the satisfaction of potential damages").

Additionally, Defendants have not established that they face a clear hardship if required to go forward. The only hardship Defendants will face if the case proceeds as scheduled is their inability to praise (or criticize, depending on the outcome) the ruling of the MDL court in their own Daubert motion. This is an insufficient ground for a stay, particularly in light of the burden that Plaintiffs will face as result of the delay. See Landis, 299 U.S. at 254 (requiring a "clear case of hardship" in being required to proceed).

Finally, the Court's interest in judicial economy counsels against a stay, as the MDL court's ruling will neither

completely discard nor sufficiently clarify any issue enough to warrant further delay. Determining the admissibility of scientific evidence involves a fact-specific inquiry. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S. Ct. 2786 (1993). Accordingly, the MDL court's ruling will provide only persuasive authority. Although a stay might be appropriate when a superior court is due to issue a ruling that would obviate an issue at stake, see Burlington v. News Corp., No. C10-1826 (JLR), 2011 WL 79777 (E.D. Pa. Jan 10, 2011), a stay is less sensible where the forthcoming decision is only persuasive or will not significantly clarify the instant proceeding. Here, judicial efficiency demands that these parties continue as scheduled. See FED. R. CIV. P. 1 (recognizing the judicial interest in "securing a just, speedy, and inexpensive" resolution of proceedings). Defendants' motion for a stay is denied.

II. Motion to Amend

Courts should grant leave to amend "where justice so requires." FED. R. CIV. P. 15. Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. Milanese v. Rust-Oleum Corporation, 244 F.3d 104, 110 (2d Cir. 2001). A proposed amendment is futile where the claims would not survive a motion

7

to dismiss. <u>Dougherty v. Town of North Hempstead Bd. of Zoning Appeal</u>, 282 F.3d 83, 88 (2d Cir. 2002). Plaintiffs' unopposed motion to amend their Complaint is granted. There is no evidence of undue delay or bad faith, and granting leave to amend does not prejudice Defendants.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to stay (Docket Entry 40) is DENIED and Plaintiffs' unopposed motion to amend their Complaint (Docket Entry 41) is GRANTED. Plaintiffs shall file an Amended Complaint within fourteen (14) days from the date of this Order.

SO ORDERED.

/s/ Joanna Seybert

Joanna Seybert, U.S.D.J.

Dated: June 17, 2011
Central Islip, New York